AFFIDAVIT OF SHEILA M. O'HARA

I, Sheila M. O'Hara, being duly sworn, state that:

1.  I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). I have been an ATF Special Agent for more than 17 years and during that time I have been involved in numerous investigations of violations of federal firearms laws. I am currently assigned to a group in the Boston Field Division of ATF that, in part, works with other federal, state and local police departments in and around the Metropolitan Boston area to investigate and prosecute violations of federal firearms, explosives and controlled substance laws.

2.  Based on my training and experience as an ATF Special Agent, I am familiar with federal firearms laws and know that it is a violation of Title 18, United States Code, Section 922(g)(1), to be a felon in possession of a firearm that has previously traveled in interstate commerce.

3.  This affidavit is submitted in support of a complaint and arrest warrant for JAYSON A. PARADISE for being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1). The facts stated in this affidavit are based upon my personal involvement in this investigation and my discussions with other law enforcement officers involved with this investigation. In submitting this affidavit, however, I have not included each and every fact known to me about the investigation, but only those facts which I believe are sufficient to establish the requisite probable cause.

4.  On Sunday, April 17, 2005, at about 6:06 p.m., Fall River Police Department Officers Jeff Richard and Officer David Gouveia were on routine patrol when they saw a red Mercury Villager van, Massachusetts registration number 78VF49, stopped at the intersection of Jencks and Alden Streets. The two officers saw three men standing near the van and then the three men moved quickly away. One of the men saw the police cruiser and yelled, "He has a gun." The other two men also yelled that the operator had a gun. From their facial expressions, tone, and body language, all three men appeared to the officers to be frightened. Both officers got out of their marked cruiser and Officer Gouveia observed the van operator, later identified as PARADISE, turn around and look at the officers and then drive away on Jencks Street. The officers got back in their cruiser,

activated the blue lights and siren and attempted to stop the van. During the pursuit, officers saw PARADISE hold a handgun out the driver's side window on a couple of occasions. It appeared to the officers that PARADISE was contemplating throwing the weapon out of the window.

5. Because of other traffic, the van was forced to stop in front of 40 Barnes Street, Fall River, Massachusetts. PARADISE got out of the van, with the gun in his hand, and fled on foot toward 40 Barnes Street. The officers ordered PARADISE to stop and drop the weapon, but PARADISE ignored their commands. Four civilians attempted to stop PARADISE, who punched one of the civilians in the face. The officers directed the civilians to back away and pursued PARADISE into the back yard of 40 Barnes Street where they ordered him, at gunpoint, to drop the weapon. PARADISE continued to refuse the officers' commands to drop the weapon; instead, he bladed his stance, holding the firearm by his right leg. Officers repeatedly ordered PARADISE to drop the weapon and then told him that if he did not drop the weapon, they were going to shoot him. PARADISE finally dropped the weapon and he was arrested.

6. I have reviewed the computer printout from the Massachusetts Criminal History Systems Board showing PARADISE's criminal record. It reflects several convictions prior to April 17, 2005, for crimes I know to be punishable by terms of imprisonment exceeding one year. These include: a February 12, 2002, conviction in Fall River District Court for assault and battery on a police officer; January 29, 1997, convictions in Fall River District Court for possession with intent to distribute a Class A controlled substance, (heroin), controlled substance offense in a school zone, conspiracy to violate the Controlled Substances Act, knowingly receiving stolen property, possession of a firearm without ID card (2 counts), and assault and battery with a dangerous weapon (knife); and a January 4, 1991, conviction in Fall River District Court for assault to kill.

7. The gun recovered by the police officers at PARADISE's arrest was a Glock, model 19, 9mm semi-automatic pistol, serial number GN752US, which was loaded with 16 rounds of ammunition. The Glock pistol was not manufactured in the Commonwealth of Massachusetts and therefore traveled in interstate commerce.

8. Based upon the foregoing, there is probable cause to believe that on April 17, 2005, JAYSON A. PARADISE, having been convicted in a court of a crime punishable

by imprisonment for a term exceeding one year, did possess a firearm in or affecting commerce, in violation of Title 18, United States Code, Section 922(g)(1).

*[signature]*
Sheila M. O'Hara
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn and subscribed to before me this ___12___ day of May 2005.

*[signature]* Marianne B. Bowler, USMJ
MARIANNE B. BOWLER
United States Magistrate Judge